FILED
 2012 Mar-30 PM 02:59
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **GERALD SMITH, JR.,** ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00329-AKK |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent** ) | |

### MEMORANDUM OPINION

On March 7, 2012, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On March 22, 2012, petitioner filed objections to the magistrate judge's report and recommendation. Even though the objections are untimely, they nonetheless will be considered by the court.

Petitioner asserts that under *United States v. Ladson*, 643 F.3d 1335 (11th Cir. 2011), an evidentiary hearing is required to determine if his attorney was served with a copy of the government's § 851 notice and that the government must prove his attorney received the notice. However, as the magistrate judge explained in the report

and recommendation, the docket sheet in petitioner's criminal case affirmatively shows that petitioner's counsel was served with the notice via CM/ECF. In *Ladson*, the Eleventh Circuit considered a case in which "there is no evidence in the record that [defendant] or his counsel was served until the third information appeared on CM/ECF on September 15, 2009" (a month after the conclusion of defendant's trial). *Id.* at 1343. Thus, the Eleventh Circuit implicitly held that the appearance of the § 851 notice on CM/ECF was sufficient proof of service. Because petitioner's docket sheet reflects a timely § 851 notice on CM/ECF, no evidentiary hearing is required.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that, whether the petition is construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241 or a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, petitioner is not entitled to the relief he seeks and the petition is due to be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE the 30th day of March, 2012.

                                  **ABDUL K. KALLON**
                                UNITED STATES DISTRICT JUDGE